644

CUTHBERT CHARLTON DOUGLAS, ETC., Appellant, *v.* REGISTRAR
OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 1055.   Submitted November 6, 1939.—Decided November 24, 1939.

*Fiddler, Córdova & MacConnell,* and *Jorge M. Morales,* for appellant.
The registrar appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

By Joint Resolution No. 28, approved April 26, 1927, the
Commissioner of the Interior was authorized to convey to
Francisco Pagán 390 square meters of land, the property of
the People of Puerto Rico, in Mayagüez for such assessed
valuation as might be made by the Treasurer of Puerto Rico
and the Commissioner of the Interior at the time of the sale.
In May 1939, the Commissioner of the Interior conveyed the
property to Cuthbert Charlton Douglas as trustee for the
heirs of Francisco Pagán for $975, paid in cash by Douglas.
A registrar of property refused to record the deed: because
a declaration of trust of even date did not contain any man-
date whereby the settlor had conveyed any property to the
trustee to be disposed of as directed by the settlor, as re-
quired by Section 834 of the Civil Code (1930 ed.); and
because the conveyance to a trustee deprived the Pagán heirs
of their right to acquire title to the property and to dispose
of the same at will.

By the terms of Section 834 *supra:*

"A trust (*fideicommissum*) is an irrevocable mandate whereby certain property is transferred to a person, named the trustee (*fiduciario*), in order that he may dispose of it as directed by the party who transfers the property, named constituent (*fideicomitente*), for his own benefit or for the benefit of a third party, named the beneficiary (*cestui que trust*) or (*fideicomisario*)."

Douglas in his declaration of trust stated that he had received from the National City Bank of New York $975 and in consideration thereof constituted himself a trustee for the persons named in the deed as the heirs of Francisco Pagán, with power to invest the said money in real or personal property, to sell the property so acquired at such price and upon such conditions as he might deem proper, to terminate the trust by delivery of the trust fund to the *cestuis que trustent,* or by a transfer of the trust property to them, or by the payment of their debts to the amount of the trust fund or to the value of the property. The trust was to terminate whenever the trustee should deliver to the *cestuis que trustent* the amount of the trust fund or the property or properties acquired therewith by him in trust, or whenever he should discharge any obligation of the *cestuis que trustent* to the amount of the trust fund.

█ The declaration did not come within the letter of the statutory definition. That definition, however, does not necessarily exclude a declaration of trust wherein the settlor and trustee are one and the same. Such declarations are quite common elsewhere and are generally regarded as permissible and proper. 1 Bogert 4; 26 R. C. L. 1182, Section 19; American Law Institute, 1 Restatement of the Law of Trusts 64, Section 17; *Morsman* v. *Commission of Internal Revenue,* 90 Fed. (2d) 18.

█ We cannot bring ourselves to believe that Section 834 of the Civil Code, reasonably construed in the light of other provisions *in pari materia,* requires the establishment of a different rule in this jurisdiction.

646

Section 871 of the Civil Code reads as follows:

"Real property transferred by trust shall be recorded in the registry in the name of the trustee, as in the case of any other conveyance of ownership, and there shall be recorded as encumbrances on the property the provisions of the trust whereby the authority of the trustee to alienate or encumber the property be limited."

Given the terms and conditions contained in the declaration of trust and without any other data upon which to base an opinion, we cannot agree with the registrar that a record entry in the name of the trustee would deprive the Pagán heirs of any right which they may have to acquire an absolute title to the lot in question and thereafter freely to dispose of the same.

The ruling appealed from will be reversed with instructions to record the deed of conveyance.